JAMES R. GREINER, ESQ.
CALIFORNIA STATE BAR NUMBER 123357
LAW OFFICES OF JAMES R. GREINER
1024 IRON POINT ROAD
FOLSOM, CALIFORNIA 95630
TELEPHONE: (916) 357-6701
FAX: (916) 920-7951
E mail: jaygreiner@midtown.net

ATTORNEY FOR DEFENDANT
KARI SONOVICH

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR.NO. 2:14-CR-0023-GEB |
| ) | |
|     PLAINTIFF, ) | STIPULATION BETWEEN THE PARTIES TO |
| ) | CONTINUE THE STATUS CONFERENCE TO |
|           v. ) | FRIDAY, April 7, 2017 WITH |
| ) | EXCLUSION OF TIME FROM THE SPEEDY |
| KARI SONOVICH, ) | TRIAL ACT AND FINDINGS OF FACT AND |
| ) | PROPOSED ORDER |
| ) | |
|     DEFENDANT. ) | |
| ) | |
| _____ ) | |

    The parties to this litigation, the United States of America, represented by Assistant United States Attorney, Lee S. Bickley, and for the defendant, KARI SONOVICH, James R. Greiner, hereby agree and stipulate to the following:

    1. This case was previously before U.S. District Judge John A. Mendez, but was reassigned to Senior U.S. District Judge Garland E. Burrell, Jr. by order dated January 8, 2016.

    2. Judge Mendez previously determined this matter was complex under Local Code T-2, based on voluminous discovery in the instant case and its relation to three other, resolved cases in which voluminous additional discovery was made available to

counsel in this case.  C.R. 9, 19.[1]  This Court also has excluded time under Local Code T-2.

3. By previous order, this matter was set for status on Friday, March 31, 2017.

4. By this Stipulation, the defendant now moves to continue the status conference until Friday, April 7, 2017, at 9:00 a.m., and to continue to exclude time pursuant to the Speedy Trial Act between and including Friday, March 31, 2017, and Friday, April 7, 2017, under Local Codes T-2 (complexity) and T-4 (time for adequate attorney preparation and in order to obtain substitute counsel).

5.   The government has produced the following voluminous amount of discovery in this case:

    a- A CD with 10,970 pages of discovery has been produced to the defense to date and

    b- the related case of: USA v. Vassallo, 09-179; SEC v. Vassallo,09-665;  USA v. Sanders, 090-459 and USA v. Kenitzer, 09-459, there is approximately 65,000 pages of discovery, and

    c- In addition, the government had issued to Google a search warrant for two e mail addresses, the government produced 7 DVD's of information that were in zip drive (meaning a lot of information). The defense completed the transfer of the 7 DVD's to an external 4 TB hard drive (so the zip drives could

---

[1] Note that the docket entry indicates an exclusion only under Local Code T4, but the underlying order makes findings under both T2 and T4.

be open in full) by the early part of November 2014 and has been reviewing the information since that time.

    d- The government produced (June, 2015) additional discovery consisting of e mails from Google of the g-mail account of Joseph Birch. A rough estimate of the number of e mails is that there are between 5,000 to 9,000 e mails (there is approximately 1,201 Mb of documents produced).

    e – The defense viewed the evidence at the local FBI office on August 2, 2016 along with a copy service for an estimate of the discovery to be scanned. The FBI and copy service mutually worked out a date for the scanning. This has taken place. Defense counsel is waiting to receive the following scanned discovery: approximately 11,000 pages and 22 CD Disks that were copied. The parties over the past several months also discussed doing key word searches on computers from the Sanders and Vassallo cases.  This material was provided to the defense and the defense is currently reviewing it.

    f – In February 2017, the defense obtained from the FBI office additional discovery from the Vassallo and Sanders investigations, which was copied to a 2 TB external hard drive, so that the review of this additional discovery can be accomplished by the defense out of the FBI office.

    g – The parties agree to the continuance, however, the parties disagree on is the relevance of some of the referenced materials to this case.  Most of the discovery addressed in this and the above paragraph is from the Vassallo

Ponzi scheme or the Sanders impersonation of federal officers case, both related to this one.  The vast majority is from the Vassallo Ponzi scheme.  The allegations in this case related to the Vassallo Ponzi scheme are that Sonovich came in at the end and victimized the Vassallo victims; the government's position is that the majority of the evidence in the Vassallo case is irrelevant to this case.  The Sanders impersonation case discovery is very limited in volume and complexity, and was made available for defense review as early as March 2014.  The items at the FBI relating to the Sanders case are separate, mostly physical items (tactical vests used during the impersonation scheme, etc.) and primarily the result of search warrants.  The government's position is that either the vast majority of the discovery is not relevant - which may or may not be true but the defense will not know until it has at a minimum an opportunity to review the material -  or does not need to be reviewed - and again this may or may not be true but without at least the opportunity for the defense to review the material with the defendant the defense does not have any knowledge of what the discovery is. Thus, the parties agree on the continuance.

      6. All of this discovery is being reviewed by counsel and his client which is generating additional investigation and potential leads to investigate by the defense which requires the additional time to adequately prepare this case and to adequately discuss the case with the client.

7. In addition, the additional investigation requires sufficient reasonable time to adequately investigate since some of the investigation is out of the State of California, for example, Nevada (the Las Vegas area), Washington State, and in addition, there is investigation outside the United States (England) which requires further additional reasonable amount of time to adequately investigate.

8. An unindicted co-conspirator pleaded guilty in June 2016 on related charges in a case brought in the United Kingdom. The resolution of that case may impact how the defense proceeds in this case, a matter counsel continues to discuss with the defendant on how best to proceed in this case.

9. In addition, in recent weeks there has been a breakdown in communication between the undersigned counsel and the defendant.  The defendant is seeking substitute retained counsel.

10. The parties agree and stipulate to the following facts and request the Court to find the following:

a. The government has produced discovery to date which consists of 10,970 pages and

b. the related cases of: USA v. Sanders, 090-459, USA v. Kenitzer, 09-459, USA v. Vassallo, 09-179 and SEC v. Vassallo,09-665; there is approximately 65,000 pages of discovery and

c. The 7 DVD's in zip drive which have been transferred to a 4 TB external hard drive, this is conservatively estimated to contain over approximately 250,000 documents and

d. The government has produced (June, 2015) additional discovery consisting of e mails from Google of the g-mail account of Joseph Birch. A rough estimate of the number of e mails, since review of the g-mail account has not fully occurred, is that there may be upwards between 5,000 to 9,000 e mails (there is approximately 1,201 Mb of documents produced) and

e. The evidence available at the FBI from the Vassallo and Sanders matters has been scanned so that the defense can review the material with the defendant and

f. Counsel received in February 2017 on a 2 terabyte hard drive electronic material from the Vassallo and Sanders investigations, which had previously been made available, to be copied by the FBI and

g. Counsel for defendant Kari Sonovich needs time, to continue to review all of the discovery described above, to review the discovery with the client and investigator, to continue to carry out and modify as investigation continues the investigation plan, to conduct investigation into this case, do research, which includes legal research, in this case, and to otherwise do review and investigation, using due diligence, that this complex case requires.

    h. Counsel for defendant Kari Sonovich represents that the failure to grant the above requested continuance would deny counsel for the defendant Kari Sonovich the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    i. Counsel for defendant Kari Sonovich represents that failure to grant the above requested continuance would also deny the defendant time to obtain substitute counsel.

    j. The government, based on all of the above, does not object to the continuance.

    k. Based on the above stated findings, the ends of justice are served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

    l. For the purpose of computing the time under the Speedy Trial Act, Title 18 U.S.C. section 3161, et seq., within which trial must commence, the time period from to and including Friday, March 31, 2017, to and including Friday, April 7, 2017, inclusive, is deemed excludable pursuant to Title 18 U.S.C. section 3161(h)(7)(A), (B)(ii), (iv) corresponding to Local Codes T-2 and T-4, because it results from a continuance granted by the Court at defendant's request, based on the facts provided and the totality of the complex case as set forth, and on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

11. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

12. The government fully reviewed and approved of the contents and language in this stipulation and granted authority to file the stipulation with the Court.

IT IS SO STIPULATED.

Respectfully submitted:
                        Phillip A. Talbert
                        INTERUM UNITED STATES ATTORNEY

DATED: 3/29/2017     /s/ Lee S. Bickley
                     _____
                        Lee S. Bickley
                        ASSISTANT UNITED STATES ATTORNEY
                        ATTORNEY FOR THE PLAINTIFF

DATED: 3/29/2017     /s/ James R. Greiner
                     _____
                        James R. Greiner
                        Attorney for Defendant
                        KARI SONOVICH

///

///

///

[PROPOSED] **ORDER**

**IT IS SO FOUND AND ORDERED.**

DATED: March __30__, 2017

_____
**GARLAND E. BURRELL, JR.
SENIOR UNITED STATES DISTRICT COURT JUDGE**