UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA

Case No. 14-cr-00023

v.

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

KARI SONOVICH

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a

reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable

factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the

Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

    ☐ The defendant's previously imposed sentence of imprisonment of      is reduced to

. If this sentence is less than the amount of time the defendant already served, the sentence

is reduced to a time served; or

    ☐ Time served.

If the defendant's sentence is reduced to time served:

        ☐ This order is stayed for up to fourteen days, for the verification of the

defendant's residence and/or establishment of a release plan, to make

appropriate travel arrangements, and to ensure the defendant's safe

release. The defendant shall be released as soon as a residence is verified,

a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in

ensuring travel arrangements are made. If more than fourteen days are

needed to make appropriate travel arrangements and ensure the

defendant's safe release, the parties shall immediately notify the court and

show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place,

this order is stayed for up to fourteen days to make appropriate travel

arrangements and to ensure the defendant's safe release. The defendant

shall be released as soon as appropriate travel arrangements are made and

it is safe for the defendant to travel.  There shall be no delay in ensuring

travel arrangements are made. If more than fourteen days are needed to

make appropriate travel arrangements and ensure the defendant's safe

release, then the parties shall immediately notify the court and show cause

why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside

upon release to the probation office in the district where they will be released because it

was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term"

of ☐ probation or ☐ supervised release of          months (not to exceed the unserved

portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to

the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing.  The court DIRECTS the United States Attorney to file a response on or before        , along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

Defendant has failed to establish that extraordinary and compelling circumstances warrant termination or reduction of her sentence.  Her medical conditions, coupled with the COVID-19 pandemic do not rise to the level of "extraordinary and compelling circumstances" especially given she has been released to home confinement.  See United States v. Eberhart, 448 F. Supp. 3d 1086, 1090 (N.D. Cal. 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence.").  Nor does her family circumstances rise to the level of extraordinary and compelling. Defendant is currently on home confinement.  While her required programing may be inconvenient it does not warrant a reduction of sentence.  See United States v. Cole, 2021 WL 194194 (E.D. Mich. Jan. 20, 2021) ("A crime often inflicts harm, not only on a direct victim, but on those in a defendant's circle of family and friends who depend on that defendant for all manner of support.")  Further, Defendant has only served 10 of her 27-month sentence. Considering the serious nature of her crime, a reduction in sentence at this time would undermine

the 18 U.S.C. § 3553 sentencing factors by minimizing the original sentence's deterrent effect.

Accordingly, Defendant's Motion to Reduce Sentence is DENIED.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all

administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since

receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated: July 5, 2022

_____
UNITED STATES DISTRICT JUDGE